IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


SHANNON M. LENON,                         3:11-CV-1085-BR

          Plaintiff,

                                          OPINION AND ORDER

v.


STARBUCKS CORPORATION,

          Defendants.


DANIEL J. SNYDER
CARL LEE POST
ERIN C. MCCOOL
Law Offices of Daniel Snyder
1000 S.W. Broadway, Suite 2400
Portland, OR 97205
(503) 241-3617

          Attorneys for Plaintiff


1   -   OPINION AND ORDER

DAVID G. HOSENPUD
CHRISTINA E. THELEN
Lane Powell, PC
601 S.W. Second Avenue, Suite 2100
Portland, OR 97204-3158
(503) 778-2100

      Attorneys for Defendants


BROWN, Judge.

    This matter comes before the Court on Plaintiff Shannon M.
Lenon's Motion (#17) for Attorneys' Fees and Costs and
Plaintiff's Bill of Costs (#22).  For the reasons that follow,
the Court **GRANTS** Plaintiff's Motion (#17) for Attorneys' Fees and
awards attorneys' fees to Plaintiff in the amount of **$16,980.00**.
To the extent that she seeks the costs of this action, the Court
also **GRANTS in part** and **DENIES in part** Plaintiff's Motion and
awards costs to Plaintiff in the amount of **$410.00**.


## BACKGROUND

    On September 9, 2011, Plaintiff filed her Complaint in this
Court against Defendant Starbucks Corporation, her employer, for
unlawful interference with her right to medical leave under the
Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.*,
and the Oregon Family Leave Act (OFLA), Oregon Revised Statutes §
659A.150, *et seq.*, and for unlawful employment discrimination and
retaliation in violation of the Americans with Disabilities Act,

2  - OPINION AND ORDER

(ADA), 42 U.S.C. § 12101, *et seq.*; Title VII of the Civil Rights
Act of 1964, 42 U.S.C. 2000e-5, *et seq.*; and Oregon Revised
Statutes §§ 659A.030, 659A.129, 659A.100, and 659A.040.
Plaintiff filed her Complaint in this Court subsequent to her
June 10, 2010, administrative complaint with the Oregon Bureau of
Labor and Industries (BOLI) and the co-charge BOLI filed with the
federal Equal Employment Opportunity Commission (EEOC), which
resulted in the issuance of right-to-sue letters by BOLI and EEOC
on June 17, 2011, and August 19, 2011, respectively.

On October 25, 2011, Defendant filed its Answer and on
December 22, 2011, made an Offer of Judgment to Plaintiff, which
Plaintiff accepted on December 28, 2011.  The Court issued the
parties' Stipulated Judgment (#16) on January 24, 2012, in which
the Court awarded Plaintiff $70,000 in damages against Defendant
together with reasonable attorneys' fees and costs to be
determined by the Court.  On April 17, 2012, Plaintiff filed a
Satisfaction of Judgment (#29) notifying the Court that Defendant
has fully and finally satisfied the Court's Judgment with respect
to the $70,000 damage award.

Pursuant to the Stipulated Judgment, on January 31, 2012,
Plaintiff filed her Motion (#17) for Attorneys' Fees and Costs
together with her Bill of Costs (#22).

## STANDARDS

Plaintiff seeks attorneys' fees and costs pursuant to the Stipulated Judgment and under the statutory authority of FMLA, which provides the Court "shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." 29 U.S.C. § 2617(a)(3).

## I.    Attorneys' Fees.

Generally the Ninth Circuit has adopted a lodestar/multi-plier approach for assessing the amount of reasonable attorneys' fees. *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010). *See also Gates v. Deukmejian,* 987 F.2d 1392, 1397 (9th Cir. 1993). The party seeking an award of fees bears the burden to produce evidence to support the number of hours worked and the rates claimed. *United Steelworkers of Am. v. Retirement Income Plan for Hourly-rated Employees of* Asarco, *Inc.*, 512 F.3d 555, 565 (9th Cir. 2008). See also *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). When determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McKown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The district court has "considerable discretion" in determining the

reasonableness of attorneys' fees.  *Webb v. Ada County, Idaho,*

195 F.3d 524, 527 (9th Cir. 1999).

To determine the lodestar amount, the court may consider the

following factors:

> (1) the time and labor required; (2) the
> novelty and difficulty of the questions
> involved; (3) the skill requisite to perform
> the legal service properly; (4) the
> preclusion of other employment by the
> attorney due to acceptance of the case;
> (5) the customary fee; (6) whether the fee is
> fixed or contingent; (7) time limitations
> imposed by the client or the circumstances;
> (8) the amount involved and the results
> obtained; (9) the experience, reputation, and
> ability of the attorneys;  (10) the
> "undesirability" of the case; (11) the nature
> and length of the professional relationship
> with the client; and (12) awards in similar
> cases.

*Fischel v. Equitable Life Assur. Soc'y of U.S.,* 307 F.3d 997,

1007 n.7 (9th Cir. 2002).  "The Court need not consider all . . .

factors, but only those called into question by the case at hand

and necessary to support the reasonableness of the fee award."

*Cairns v. Franklin Mint Co.,* 292 F.3d 1139, 1158 (9th Cir.

2002)(quoting *Kessler v. Assocs. Fin. Servs. Co. of Haw.,* 639

F.2d 498, 500 n.1 (9th Cir. 1981)).

## II.  Costs.

Costs generally are awarded to the prevailing party in a

civil action as a matter of course unless the court directs

otherwise.  Fed. R. Civ. P. 54(d).  The court must limit an award

of costs to those defined in 28 U.S.C. § 1920 unless otherwise

provided for by statute. *Grove v. Wells Fargo Fin. Ca., Inc.*, 606 F.3d 577, 579-80 (9th Cir. 2010). *See also Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990)(citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987)).

## DISCUSSION

Plaintiff requests the Court to award attorneys' fees in the amount of $16,980.00 and costs in the amount of $452.35. To support Plaintiff's Motion, Plaintiff's counsel provided, *inter alia*, the Declarations of Attorneys Daniel J. Snyder, Carl Lee Post, and Erin C. McCool; copies of counsel's billing entries for work performed in this matter; and receipts for certain costs.

### I.  Attorneys' Fees.

Plaintiff requests the Court to award attorneys' fees in the amount of $16,980.00 for a total of 49.3 hours of work performed by Plaintiff's counsel in this matter.

#### A.  Reasonable Hourly Rates.

Plaintiff's counsel seek the following hourly billing rates to compensate them for work performed in this matter: $350 per hour for Snyder and $225 per hour for McCool and Post.

##### 1.  Attorney Daniel J. Snyder.

Snyder has been practicing law in Portland, Oregon, for roughly 32 years. After graduating from the University of Notre

Dame Law School, he worked as a law clerk for the Honorable James Ellis on the Multnomah County Circuit Court.  Thereafter, Snyder served as Deputy District Attorney in Jefferson and Multnomah counties in Oregon.  Since that time, Snyder has primarily practiced employment and civil-rights law, representing clients in matters similar to this litigation for approximately 24 years.

The Oregon State Bar 2007 Economic Survey lists $244 as the average billing rate for Portland attorneys generally and $219 as the average billing rate for Portland attorneys practicing civil litigation on behalf of plaintiffs.  For Portland attorneys with Snyder's specialty, the Oregon 2007 Survey reflects the 25th percentile billing rate is $181 per hour and the 95th percentile is $350 per hour.

These rates, however, are not necessarily reflective of a practitioner's experience.  The Oregon 2007 Survey reflects attorneys in Portland with over 30 years of experience similar to that of Snyder charge an average of $287 per hour, and their billing rates range from the 25th percentile of $239 per hour to $461 per hour at the 95th percentile.

The Court notes Defendant did not object to Snyder's requested hourly rate of $350.  The Court is persuaded on this record as a whole that Synder has the skills and extensive experience necessary to warrant a higher-than-average billing rate and that compensation at $350 per hour represents a

reasonable hourly rate because it is within the range for
Portland attorneys with similar experience and expertise.

### 2. Attorney Carl Lee Post.

Post is a graduate of the University of Oregon School
of Law and has been an active member of the Oregon Bar since
2006.  Post operated his own law firm in Medford, Oregon, from
2006 to 2009 during which time he handled, *inter alia*,
employment, family, construction, and personal-injury matters.
Post joined the Law Offices of Daniel Synder in 2009 and has
since practiced civil litigation in Portland with a focus on
employment-law matters.

Again, the Court notes the Oregon 2007 Survey lists
$244 as the average billing rate for Portland attorneys generally
and $219 as the average billing rate for Portland attorneys
practicing civil litigation on behalf of plaintiffs.  For
Portland attorneys with Post's specialty, the Oregon 2007 Survey
reflects the 25th percentile billing rate is $181 per hour and
the 75th percentile is 294 per hour.  Post's requested hourly
rate falls squarely within this range of billing rates.  In its
Response, Defendant did not object to Post's requested hourly
rate of $225.

Based on the foregoing rates and Post's education and
experience, the Court finds his requested hourly rate of $225 is
reasonable under the circumstances.

### 3.   Attorney Erin C. McCool.

McCool is a graduate of the Marshall-Wythe School of Law at the College of William and Mary in Williamsburg, Virgina, and has been an active member of the Oregon Bar since 2006. McCool has been admitted to practice in the United States District Court and the United States Court of Appeals since 2009. McCool served as a law clerk to the Honorable Rex Armstrong on the Oregon Court of Appeals for two years following her graduation from law school. McCool joined the Law Offices of Daniel Synder as an associate attorney in 2009 and has since practiced civil litigation in Portland and has focused on employment-law matters. McCool has also been active in the Portland legal community volunteering her time to a nonprofit and to a student mock-trial competition.

Based on the Court's foregoing analysis of the relevant billing rates set out in the Oregon 2007 Survey, the Court concludes McCool's requested hourly rate falls within a reasonable range of billing rates for her practice area in Portland, Oregon.  In its Response, Defendant did not object to McCool's requested hourly rate of $225.  On this record the Court finds the requested hourly rate of $225 for McCool is reasonable under the circumstances.

### B.   Reasonable Hours Expended.

In her Motion for Attorney Fees, Plaintiff's counsel assert

the following represents the hours reasonably expended on Plaintiff's action against Defendant:  47.1 hours by Snyder, 1.3 hours by Post, and 0.9 hours by McCool.

In its Response to Plaintiff's Motion, Defendant contends the requested hours of Plaintiff's counsel are unreasonable and should be reduced on the following grounds:  (1) Some of the work performed by Plaintiff's counsel was redundant, (2) some of the billing entries by Plaintiff's counsel are too vague to be compensable, and (3) Plaintiff's counsel did not demonstrate their pre-litigation work was necessary to achieve the post-litigation outcome.

Of note, Defendant does not specifically contend the billing entries by Post or McCool are unreasonable.  The Court has reviewed the billing entries for the 2.2 hours Post and McCool expended on this matter and concludes the hours are reasonable under the circumstances.  Accordingly, the Court awards Plaintiff attorneys' fees for 2.2 hours of work performed at a billing rate of $225 per hour or $495.00.

### 1. Redundant Work.

Defendant contends the 6.9 hours Plaintiff's counsel spent drafting the Complaint in this matter consists of redundant work because, as reflected in counsel's time entries, Plaintiff's counsel also spent 6.3 hours drafting the administrative complaint that Plaintiff filed with BOLI.  Specifically,

Defendant notes roughly 50 paragraphs of Plaintiff's Complaint
filed in this Court contain identical or nearly identical
allegations, and, therefore, Defendant contends much of the work
necessary to draft the Complaint had already been performed.
Accordingly, Defendant argues the 6.9 hours of time spent to
draft the Complaint that Plaintiff filed in this Court is
unreasonable.

In Plaintiff's Reply, Plaintiff's counsel concede many
of the allegations in the Complaint mirror those in the
administrative complaint to BOLI, but counsel note the Complaint
filed in this Court consists of a total of 145 paragraphs of
factual allegations and legal pleadings.  Plaintiff's counsel
state they had to review the factual allegations in the
administrative complaint to ensure their accuracy and also had to
perform additional factual investigation with Plaintiff and
others to account for ongoing alleged acts of retaliation and
discrimination.  In addition, counsel state they had to perform
legal research to determine the claims that Plaintiff could
allege and the factual bases on which such claims could be
pursued.

The Court's review of the Complaint reveals it contains
a very detailed and thorough set of factual allegations in
support of Plaintiff's claims of discrimination, retaliation, and
interference with her right to medical leave, which are fact-

11  -  OPINION AND ORDER

intensive and necessarily time-consuming. The Court also notes more than a year elapsed between the filing of the BOLI complaint and the filing of the Complaint in this matter, and it is not unreasonable to expect that some additional work would be required both to ensure the continued accuracy of the allegations from the administrative complaint and to include any additional allegations that came to light in the intervening period between complaints. For example, Plaintiff had to include the procedural history of the administrative complaint with BOLI and the BOLI co-charge with the EEOC. Plaintiff's counsel also researched and pled eight claims for relief under various federal and state laws.

On this record the Court finds the 6.9 hours requested by Plaintiff's counsel for drafting the Complaint in this matter was not redundant work. In light of the ongoing allegations related to Plaintiff's employment relationship with Defendant, the ongoing administrative proceedings, the time between administrative and federal complaints, and the detailed nature of the factual allegations and legal pleadings, the Court concludes 6.9 hours was not an unreasonable amount of time to draft the Complaint even when the Court considers the 6.3 hours that counsel spent to draft the administrative complaint over a year earlier.

2.   **Vague Entries.**

Defendant also argues there are numerous vague and nondescript entries in the time entries provided by Plaintiff's counsel that the Court should disallow.  Specifically, Defendant points to numerous time entries by Plaintiff's counsel that reflect conferences or email correspondence between Plaintiff, her husband, and counsel that do not identify the subject-matter of counsel's work.  Accordingly, Defendant contends the Court cannot assess the reasonableness of each such entry and should not award attorneys' fees to Plaintiff for those entries.

Plaintiff's counsel emphasize they represented Plaintiff only with respect to this particular matter at the administrative level and before this Court and that each of the entries reflects work necessarily performed in this matter. Plaintiff's counsel also state they do not include the subject-matter of emails, telephone conversations, or client meetings in their billing entries to avoid disclosure of privileged information.  Finally, Plaintiff's counsel notes for short billing entries, such as the numerous email exchanges billed for 0.1 hours (six minutes), it is impractical to spend a great deal of time summarizing each contact with the client, and to do so would only increase the time charged to clients.

The Court has reviewed in detail the billing entries by Plaintiff's counsel and is not persuaded that counsel would

violate client confidentiality by including a general subject-
matter description in its billing entries.  Even if confidential
matter were included in any entry, counsel could redact such
entries later if necessary when submitting entries for review by
a court.  For example, if Plaintiff had ultimately prevailed on
some of her claims and not on others and sought an award of fees
for those claims on which she prevailed, the current billing
entries may not have provided the Court with a sufficient record
to apportion between counsel's work performed on successful
claims and work performed on claims for which Plaintiff did not
prevail.

Nevertheless, under the particular circumstances of
this case the Court concludes the 47.1 hours Snyder expended over
three years (representing less than 16 hours per year and a
little more than an hour per month) to secure an offer of
judgment in the early stages of this litigation are reasonable.
The billing entries demonstrate consistent communication between
counsel and their client, which is reflected in the billing
entries most often as 6-12 minutes of time expended every few
days for an email or a phone call with Plaintiff.  The Court will
not discourage short, consistent contact between attorneys and
clients merely because the subject-matter of these very short
contacts is not detailed.  In addition, counsel also makes the
timeline of this matter plain to the Court:  Counsel spent the

first five months investigating Plaintiff's claim, working with
their client, and performing investigation to develop an
administrative Complaint; engaged with Plaintiff consistently
during the roughly year-long administrative process; investigated
alleged ongoing unlawful acts by Defendant during the pendency of
the administrative process; prepared for and initiated federal
litigation; and worked with Defendant on the successful
resolution of this matter.

        In light of the summary of the progression of this
matter and the Declarations and Affidavits of counsel, the Court
can sufficiently determine the context for the billing entries
that counsel has provided and finds they represent a reasonable
amount of time.  *See Henry v. Gill Indus., Inc.*, 983 F.3d 943,
945 (9th Cir 1993)("Henry argues that Gill was 'required to
provide detailed time and expense records' to meet its burden of
establishing its entitlement to fees, and that the affidavits of
Gill's counsel on which the district court based its award were
inadequate.  Our precedents, however, have clearly established
that an award of attorney's fees may be based on the affidavits
of counsel, so long as they are 'sufficiently detailed to enable
the court to consider all the factors necessary in setting the
fees.'")(quoting *Williams v. Alioto*, 625 F.2d 845, 849 (9th Cir.
1980)).  Accordingly, and in the exercise of the Court's
discretion, the Court declines to disallow any attorney time for

15  -  OPINION AND ORDER

the billing entries that Defendant asserts are vague or
nondescript.

### 3.   Pre-Litigation Work.

. Finally, Defendant contends Plaintiff has not
demonstrated that counsel's work in the underlying administrative
process was useful and necessary to the settlement reached
through litigation in this Court.  Defendant, however, fails to
identify any specific time expended "[a]side from preparing the
BOLI complaint" that Plaintiff's counsel fails to justify or that
is otherwise unreasonable.

Plaintiff counters the pre-litigation work in this
matter was necessary, in part, to bring Plaintiff's federal
claims to this Court.  As noted, Plaintiff received a right-to-
sue letter from both BOLI and EEOC before filing her Complaint in
this Court.  Plaintiff's Complaint also reflects that BOLI
"determined that there is substantial evidence to support the
allegations of unlawful employment practices and discrimination
based on disability in violation of ORS 659A.100 and on the basis
of OFLA in violation of ORS 659A.150-171."

Although Defendant appears to challenge the work
performed by Plaintiff's counsel prior to litigation in this
matter other than the work performed in relation to filing the
BOLI complaint, the Court does not find any meaningful
distinction between the work performed in preparation for the

16  -  OPINION AND ORDER

filing of the administrative complaint and the work performed in
preparation for filing the federal Complaint.   The pre-litigation
work in this matter appears to be related to investigation of
Plaintiff's claims, the preparation of Plaintiff's administrative
complaint, and the prosecution of that complaint through the
administrative proceedings.

On this record the Court concludes those administrative
proceedings were necessary to Plaintiff's federal case because
Title VII requires plaintiffs to exhaust their administrative
remedies before they may access federal courts.   *See Munoz v.
Mabus*, 630 F.3d 856, 861 (9th Cir. 2010).   In addition, the Court
concludes the administrative proceedings were useful to
Plaintiff's claim because they gave rise to a favorable finding
by BOLI that there was sufficient evidence of discrimination to
ground Plaintiff's state-law claims.   The Court, therefore,
concludes on this record there is not any basis to disallow any
pre-litigation time expended by Plaintiff's counsel.

C.   **Additional *Kerr* factors.**

In addition to the foregoing, the Court has considered the
relevant *Kerr* factors.   The Court has considered, for example,
the success achieved by Plaintiff and her counsel in comparison
to the time spent.   As noted, counsel spent roughly 50 hours over
three years of their representation of Plaintiff, which is a
reasonable amount of time given the detailed factual history of

the case, the underlying administrative claims, and the
preparation required for federal litigation.  The Court concludes
this amount of time is also reasonable when considered in light
of the fact that after only three months of litigation in this
Court and without requiring briefing on any dispositive motions,
Plaintiff was able to settle this matter, retained her employment
with Defendant, was compensated for damages, and now has secured
reasonable attorneys' fees and costs.

In summary, the Court concludes in the exercise of its
discretion that the lodestar amounts for Snyder (47.1 hours at
$350 per hour), Post (1.3 hours at $225 per hour), and McCool
(0.9 hours at $225 per hour) are reasonable.  Accordingly, the
Court grants Plaintiff's Motion for Attorneys' Fees and awards
Plaintiff $16,980.00 in attorneys' fees.

## II.  Costs.

As reflected in Plaintiff's Bill of Costs (#22), Plaintiff
seeks a total award of costs of $452.35 for service of summons
and subpoena ($60.00), printing costs ($35.40), and the cost of
filing this matter ($356.95).  Defendant did not object to
Plaintiff's costs.

Plaintiff's counsel offered the Affidavit of Daniel Snyder
in Support of Plaintiff's Bill of Costs.  In his Declaration,
counsel authenticates a copy of a receipt for service of summons
reflecting the $60.00 Plaintiff spent to serve the summons on

18  -  OPINION AND ORDER

Defendant.   Accordingly, the Court awards Plaintiff $60.00 for service of summons on Defendant.

Plaintiff's counsel also provides a receipt for the filing fee in this matter that reflects a fee of $350.00 rather than the $356.95 reflected on Plaintiff's Bill of Costs.  Plaintiff indicates a cost of $6.95 for "postage" but does not otherwise provide a basis to determine what the postage was for or provide any receipt or other substantiation of that cost.  Accordingly, and in the exercise of the Court's discretion, the Court awards Plaintiff $350.00 for her filing fee and does not award the cost of $6.95 for postage.

Plaintiff's counsel does not provide any explanation or documentation in his Declaration or Affidavit to substantiate the $35.40 in costs for printing set out in the Bill of Costs except to note the costs were for copies and faxes.  In the exercise of its discretion, therefore, the Court does not award Plaintiff costs for printing.

Accordingly, the Court awards costs to Plaintiff in the amount of $410.00.


**CONCLUSION**

For these reasons, the Court **GRANTS** Plaintiff's Motion (#17) for Attorneys' Fees and awards attorneys' fees to Plaintiff in the amount of **$16,980.00**.  To the extent that she seeks the

19  -  OPINION AND ORDER

costs of this action, the Court also **GRANTS in part** and **DENIES in part** Plaintiff's Motion and awards costs to Plaintiff in the amount of **$410.00.**

IT IS SO ORDERED.

DATED this 19th day of April, 2012

_____
ANNA J. BROWN
United States District Judge

20  -  OPINION AND ORDER